(No. 77-CC-1597—■■■■)

JAMES RONALD COWAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1982.*

JAMES RONALD COWAN, *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The claimant, James Ronald Cowan, seeks payment for holidays during which he worked while employed by the State of Illinois as a youth supervisor at the Pere Marquette Resident Center at Grafton, Illinois.

Due to the present out-of-State residence of the Claimant and the economic hardship and inconvenience which would be imposed upon the Claimant if he were to attend a hearing, the parties waived their rights to a hearing and submitted their cases on the record. They stipulated that the record shall consist of the complaint and attached documents, a copy of the departmental report with attached documents, a copy of Department of Personnel Rule 3-200 which was in effect during the relevant time period, and a copy of a memorandum of understanding between respondent and Claimant's collective bargaining agent.

The departmental report, which is *prima facie* evidence of the facts contained therein pursuant to Rule 14 of the Rules of the Court of Claims, indicates that Claimant was compensated for 14 1/2 days of accumulated holiday time, but was not allowed time off or payment for 10 1/2 days of accumulated holiday time that had not been taken by him within the 12-month period. Department of Personnel Rule 3-200, which was in effect at the time Claimant terminated his employment, provides as follows:

*"HOLIDAY OBSERVANCE:* Where employees are scheduled and required to work on a holiday, equivalent time off will be granted within the following twelve month period at a time convenient to the employee and consistent with the agency's operating needs."

Time or compensation is forfeited if not taken during the 12-month period. Because Claimant accrued the holiday time on days outside of the 12-month period they are deemed forfeited and we are constrained to deny this claim.

On February 10, 1977, a memorandum of understanding between the State of Illinois and The American Federation of State, County and Municipal Employees became effective with regard to the collective bargaining

agreements RC-6 and RC-9, a copy of which was attached to the departmental report. This memorandum of understanding specifically states that employees may be reimbursed for time off or may take time off for holidays *forfeited* by operation of collective bargaining agreements RC-6 and RC-9 or the Department of Personnel Rules. No mention is made of former employees. In addition, paragraph 2 of the memorandum of understanding makes provision for future requests. There is no provision made for requests by former employees. Furthermore, although the memorandum of understanding indicates in paragraph 2 that an employee's request for holidays should be timely made and in accordance with the contract procedure, Claimant has not produced any evidence to show that his demands for holiday time were timely made or in accordance with contract procedure.

The Claimant states "The Memorandum of Understanding was issued for the specific purpose of recanting, retracting and rescinding the stipulated enforced Personnel Rule in question, to wit the restoration and restatement and/or reimbursement for the accumulated time formerly rescinded or abrogated." This statement is quite incorrect in that the heading of the memorandum specifically says it is with regard to RC-6 and RC-9 collective bargaining agreements, not personnel rules, and although the Department of Personnel rules are mentioned in the body of the memorandum, nowhere is the purpose of the memorandum stated as being "recanting, retracting and rescinding," of a personnel rule. The purpose of the memorandum of understanding is just as it states, to restore holidays earned and requested but *forfeited* by employees.

Claimant seems to have been confused by the allocation of the funds for reimbursement for holiday time. He states that "The State had knowledge and record of

exactly how many accumulated holidays were involved in the separation." (Over $5,000.00 of this sum has been returned to the State treasury). The departmental report indicates that there was $5,776.47 remaining in their appropriation for personnel services, juvenile field services, region IV, fiscal year 1976. Nineteen seventy-six was prior to the issuance of the memorandum of understanding. Therefore, the Department of Corrections was not even aware of these "reparations," and their appropriation was obviously merely an estimate of the amount of money they would need to reimburse employees without regard to the memorandum. The departmental report furthermore states that they would have paid and did have money to pay this expense if it had been permissible to pay it, which clearly indicates that the sum of money was allocated without regard to the memorandum of understanding and did not take that memorandum into consideration.

Claimant indicates that he has copies of letters and papers on in-service training which would substantiate the on-going problem of difficulty of taking vacation days in his former department. Unfortunately, the Court has not been furnished with any of these papers, and must find his claim unsubstantiated.

Wherefore, it is hereby ordered that this claim be, and hereby is, denied.